## IN THE MATTER OF THE ESTATE OF FRANK T. ROCHE, DECEASED.

Superior Court of New Jersey
Chancery Division

Decided May 14, 1954.

*Mr. John W. McGeehan, Jr.*, attorney for petitioner Marion D. Keefe.

*Mr. Charles C. Stalter*, attorney for defendant.

GRIMSHAW, J. S. C. This is an application for the appointment of an ancillary administrator of the estate of Frank T. Roche, deceased, a non-resident of this State.

On July 27, 1951 Frank T. Roche and Lawrence V. Keefe, both residents of the State of New York, were riding in the automobile owned by Roche, in Clifton, where they collided with a truck owned by Port Murray Dairy Company, Inc., and operated by Alfred Taylor. As a result of the accident both Roche and Keefe were killed.

Greta M. Roche was appointed general administratrix of the estate of Frank T. Roche by the surrogate of Westchester County, New York. Marion D. Keefe was appointed administratrix *ad prosequendam* of the estate of Lawrence V. Keefe by the surrogate of Passaic County, to prosecute a cause of action under the Death Act against Roche, Port Murray Dairy Company, Inc. and Alfred Taylor. Thereafter Marion D. Keefe applied to this court for the appointment of an ancillary administrator of the estate of Frank T. Roche under the provisions of *N. J. S.* 3A:6–10.

The question for determination is whether or not there are assets of the Roche estate of which the ancillary administrator could take charge and administer in the interest of creditors of the Roche estate.

■ ■ Greta M. Roche, the domiciliary administratrix of Frank T. Roche, has filed an affidavit stating that there are no assets of the estate in this State. Keefe, on the other hand, alleges that Frank T. Roche was the owner of an indemnity policy of insurance in the Hartford Accident & Indemnity Company, which policy it is alleged is an asset of the Roche estate in the State of New Jersey within the meaning of the statute. With this contention I cannot agree.

Roche was a resident of the State of New York. The insurance company, by reason of its authorization to do business in that state, is also to be considered as a resident of that state. It would, therefore, appear that the policy of insurance, as a potential debt due the Roche estate, is an asset of that estate located in the State of New York rather

than in the State of New Jersey. See *Redzina v. Provident Institution, etc.*, 96 *N. J. Eq.* 346 (*E. & A.* 1924).

The applicant cites cases in other jurisdictions in which it has been held in substance that a policy of insurance of this character is an asset in any jurisdiction in which the insurer is authorized to do business. In each of these cases, however, the applicant for ancillary administration was a resident of the jurisdiction.

No attempt has been made to disguise the fact that the appointment of an ancillary administrator was sought solely for the purpose of having in this State a representative of the Roche estate who could be joined in an action by Keefe against the Port Murray Dairy Company, the Roche estate and Taylor for damages resulting from the accident. To permit this to be done would, it seems to me, circumvent the plain purpose of the statute which quite obviously was passed to permit the administration in the State of New Jersey of assets of a non-resident decedent and apply .them for the benefit of creditors of the estate.

The application for the appointment of an ancillary administrator is denied.